Opinion issued February 7, 2002










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00618-CV
____________

SURESH PALA, Appellant

V.

MICHAEL MAXIM, Appellee




On Appeal from County Court at Law No. 1
Harris County, Texas
Trial Court Cause No.729,414 




O P I N I O N
          This landlord-tenant dispute arises from early termination of a residential lease
by appellee, Michael Maxim (tenant). Appellant, Suresh Pala (landlord), appeals a
judgment by which each party prevailed on their respective claims, but recovered no
damages, and which also required each party to pay the other $4,000 in attorney’s
fees. Trial was to the court, which filed findings of fact and conclusions of law.
Landlord presents four issues that: (1) challenge the finding that landlord materially
breached the lease contract by not replacing buckled formica countertops; (2) contend
the requirement to replace the countertops was not a condition precedent to
performance of the contract; (3) challenge the finding that tenant did not act in bad
faith by applying her security deposit to her last month’s rent; and (4) challenge the
attorney’s fees awards. We affirm.
Facts and Procedural History
          Landlord and tenant signed a lease agreement for rental of 201 Vanderpool #
79 for one year at $2,400 per month. The one-year term began on December 2, 1998,
and ended on December 1, 1999. Tenant paid landlord a month’s rent as a security
deposit, as required by ¶ 11 of the lease, which referred to provisions of the Property
Code relating to security deposits.


 Paragraph 32 of the lease contained two
handwritten “special provisions”: (1) the unit was to be professionally cleaned before
tenant occupied and (2) landlord was to “replace formica where buckled on kitchen
counter.” When tenant found the cleaning inadequate and had the unit professionally
cleaned after she moved in, landlord allowed tenant to deduct her costs from her first
month’s rent.
          It is undisputed that landlord did not replace the buckled countertops, despite
tenant’s repeated requests, although tenant acknowledged landlord made “some
effort” to replace the countertops by obtaining estimates and bids from contractors, 
and landlord acknowledged tenant obtained a bid on her own. Landlord explained
he is a self-employed CPA and could not proceed after obtaining the bids because
they came in during his busy spring tax season. When tenant inquired in early
summer about progress on the contractors’ bids, however, landlord replied he was
considering replacing the countertops with granite. Landlord also testified he decided
to replace the countertops with granite because he “got an indication” in March or
April that tenant would be moving.
          Somewhat later that summer, the unit flooded. Tenant testified the following
exchange occurred when she telephoned landlord about the flooding and he replied
he would “send somebody over right away”: 
I said, “Just like you said the formica people would be over right away.” 
I said, “Mr. Pala, I’m going to move.” And he said [“]okay.[”] And I
wasn’t expecting him to say [“]okay.[”]

Tenant claimed she sent landlord a letter at that point, to indicate she intended to
apply her security deposit to her last month’s rent. She further testified she
telephoned him once again, after sending the letter, to confirm she intended to move
as soon as she found another place to live. 
          Landlord’s evidence included a letter, sent from him to tenant by certified mail
on July 9, 1999, which confirmed his telephone conversation with tenant of that day,
but tenant denied ever receiving the letter, and landlord was unable to produce a
green card receipt at trial. In this letter, landlord notified tenant her July rent was past
due, stated the lease prohibited applying the security deposit to the last month’s rent,
and requested payment for July, plus late fees. On August 2, 1999, tenant issued
written notice to landlord, also referring to the telephone conversation of July 9,
1999, in which she confirmed she would vacate the unit by August 9, apply her
security deposit to the July rent, and pay pro rata rent of $720 to cover rent through
August 9. The record contains a copy of a $720 check, issued by tenant to landlord
and dated August 9, for the pro rata August rent. 
          Tenant denied any intent to cheat or harm landlord by applying her security
deposit to the July rent. When asked why she applied the deposit, tenant stated she
felt landlord had taken advantage of her. Tenant maintained landlord neither returned
her telephone calls nor came by to check the unit, and she expressed doubt, based on
her past dealings, that he would ever return her deposit. 
          Landlord sued tenant for applying the security deposit to the last month’s rent
and for “unilaterally” breaching the contract before the lease terminated, under
theories that included breach of contract and violations of section 92.108(a) of the
Property Code. Tenant’s counterclaims included breach of contract, based on
landlord’s failure to replace the formica countertops. Both landlord and tenant sought
attorney’s fees under article 38.001 of the Civil Practice and Remedies Code. Tex.
Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997). 
          The trial court resolved the parties’ claims by rendering judgment in favor of
tenant, based on landlord’s having materially breached the lease, by not replacing the
countertops, and in favor of landlord, based on tenant’s having applied her security
deposit to the last month’s rent, although the court determined tenant did not act in
bad faith. Although the trial court awarded no damages to either party, each was
required to pay the other $4,000 in attorney’s fees. Landlord challenges each of these
rulings. On landlord’s request, the trial court filed findings of fact and conclusions
of law.
 

Challenge to Specific Findings
          Appellant’s first and third issues challenge the following findings by the trial
court: that landlord materially breached the contract and that tenant did not act in bad
faith by applying her security deposit to pay withheld rent. 
A.      Standard of Review 
          Findings of fact in a case tried to the court have the same force and effect as
a jury’s verdict on questions and are reviewable for legal and factual sufficiency.
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Min v. Avila, 991
S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The trial court’s
conclusions of law are reviewable de novo. McDermott v. Cronin, 31 S.W.3d 617,
623 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
          When, as here, the appellate record contains a complete reporter’s record of the
trial, the trial court’s findings of fact are not conclusive, but subject to the same, well-settled standards that govern legal and factual sufficiency challenges to jury findings. 
Commission of Contracts of the General Executive Comm. of the Petroleum Workers
Union v. Arriba, Ltd., 882 S.W.2d 576, 582 (Tex. App.—Houston [1st Dist.] 1994,
no writ); In the Interest of M.J.Z., 874 S.W.2d 724, 728 (Tex. App.—Houston [1st
Dist.] 1994, no writ). In analyzing the legal sufficiency of the evidence to support
findings on which tenant had the burden of proof, therefore, we consider only the
evidence and inferences tending to support the challenged finding and disregard all
inferences to the contrary. See Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593
(Tex.1986); Arriba, 882 S.W.2d at 582. If any evidence of probative force supports
the finding, we must overrule the challenge and uphold the finding. Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); Arriba, 882 S.W.2d at 582. 
In attacking the legal sufficiency of the evidence to support a finding on which
landlord had the burden of proof, landlord must show that the evidence conclusively
established a finding in his favor. See Sterner v. Marathon Oil Co., 767 S.W.2d 686,
690 (Tex. 1989). In reviewing this challenge, we first examine the record for
evidence that supports the trial court’s finding and disregard contrary evidence. See
id. If no evidence supports the finding, we then examine the entire record to
determine whether it establishes the contrary proposition as a matter of law. Id. 
          In determining the factual sufficiency of the evidence to support findings on
which tenant had the burden of proof, we must weigh all the evidence, both
supporting and conflicting with the finding, and may set the finding aside only if it
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's
Estate, 244 S.W.2d 660, 661 (Tex. 1951); Arriba, 882 S.W.2d at 582. In attacking
the factual sufficiency of the evidence to support a finding on which landlord had the
burden of proof, landlord must show that the adverse finding is against the great
weight and preponderance of the evidence. See Croucher v. Croucher, 660 S.W.2d
55, 58 (Tex. 1983). In reviewing this challenge, we again examine the evidence to
determine if some evidence supports the trial court’s finding. See id. If some
evidence supports the finding, we must then determine, in light of the entire record,
whether the finding is so contrary to the great weight and preponderance of the
evidence that the finding is clearly wrong and manifestly unjust, or whether the great
weight and preponderance of the evidence supports nonexistence of the finding. 
Cain, 709 S.W.2d at 176.
B.      Material Breach by Landlord 
          Landlord’s first issue challenges the trial court’s ruling in favor of tenant on
her counterclaim that landlord materially breached the contract by not replacing the
buckled formica countertops in the kitchen. Material breach by one party to a
contract excuses the other party from any obligation to perform. Hernandez v. Gulf
Group Lloyds, 875 S.W.2d 691, 693 (Tex. 1994); Re/Max, Inc. v. Katar Corp., 961
S.W.2d 324, 327 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). In determining
that landlord’s failure to replace the formica countertops was material, the trial court
impliedly ruled that landlord breached the contract and that tenant was thus excused
from her obligation to pay rent for the full one-year term. 
          The lease contract required landlord to replace the countertops, and it is
undisputed that landlord did not replace them. When the terms of a contract are clear
and unambiguous, and the facts concerning breach or performance are undisputed or
conclusively established, the trial court decides, as a matter of law, whether the facts
show performance or breach.


 Meek v. Bishop Peterson & Sharp, P.C., 919 S.W.2d
805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied). 
          Whether a breach is material, however, is an issue for the trier of fact, in this
case, the trial court. See Hernandez, 875 S.W.2d at 693 & n.2 (citing Restatement
(Second) of Contracts § 241(a) (1981) for factors relating to materiality of
breach); see also Briargrove Shopping Center Joint Venture v. Vilar, Inc., 647
S.W.2d 329, 331 (Tex. App.—Houston [1st Dist] 1982, no writ) (holding trial court
properly submitted to jury question of materiality of breach of lease provisions that
common areas, parking areas, and alleyways of shopping center would not be reduced
in size).


 Accordingly, we review the trial court’s determination that landlord
materially breached the lease as a finding of fact under the usual legal and factual
sufficiency standards. 
          Landlord first challenges the finding of materiality on the grounds that tenant
merely bargained for a habitable dwelling. Relying on tenant’s testimony that the
countertops were unsightly, landlord contends the condition of the countertops did
not prevent her from using the kitchen or create a hazard. To the extent, if any,
landlord’s arguments might constitute defenses to tenant’s claim of material breach,
landlord has waived them by not asserting them in the court below. See Tex. R. App.
P. 33.1(a). Moreover, landlord’s arguments ignore that tenant’s counterclaim is
premised on the bargained-for benefit of replacement countertops and the landlord’s
failure to provide that benefit, and that the case was tried below on that theory. 
          The benefit tenant could reasonably anticipate from full performance of
landlord’s breached promise here was timely replacement of the buckled countertops. 
It is undisputed that landlord never replaced them. Under the first factor for
materiality recognized in Hernandez, tenant was completely deprived of the benefit
she bargained for in agreeing to the terms of the lease. See Hernandez, 875 S.W.2d
at 693. Under the second factor, although landlord readily agreed to deduct tenant’s
cleaning costs from the monthly rental after she moved in, nothing in the record
suggests any attempt to compensate tenant for landlord’s continuing failure to replace
the buckled countertops. Similarly, although landlord assured tenant he would
perform and obtained bids to replace the countertops, landlord claimed at trial that his
accounting-business schedule prevented him from acting on the bids. In addition,
landlord indicated he suspected, as early as March or April, that tenant would move
and, on that basis, planned to replace the countertops with granite instead. This
evidence supports a minimal likelihood, under the fourth factor for materiality, that
landlord would replace the countertops as promised, and also suggests, under the fifth
factor, landlord’s lack of good faith in continuing not to perform while promising to
perform. 
          After applying the usual standards to our review of the evidence, we hold it is
legally sufficient to support the trial court’s finding of fact that landlord materially
breached the lease by not replacing the buckled countertops as promised. We further
hold that any evidence against the finding does not so greatly preponderate in favor
of a finding of lack of material breach as to render the trial court’s finding clearly
wrong and manifestly unjust. 
          We overrule issue one.
 
C.      No Bad Faith by Tenant
          In issue three, landlord challenges the trial court’s finding that, although tenant
violated the Property Code by applying her security deposit to the last month’s rent,
she did not act in bad faith. Section 92.108 of the Property Code creates a
presumption of bad faith for applying a security deposit to unpaid rent. Tex. Prop.
Code Ann. § 92.108(b). Landlord contends tenant offered no credible testimony to
rebut the presumption of bad faith, and thus contends there is “no evidence,” or 
legally insufficient evidence, to support the trial court’s finding. 
          Tenant disclosed her intent to apply the security deposit to her last month’s rent
by telephone on July 9, 1999, and in writing on August 9, 1999. Tenant also claimed
she sent landlord an earlier letter with a similar notice, and denied she received
landlord’s letter of July 9, 1999, informing her that applying the deposit was
prohibited. Although ¶ 11 of the lease indicated that applying the security deposit to
a withheld rent payment was prohibited by the Property Code, and that bad-faith
withholding of rent could subject tenant to trebled liability damages and attorney’s
fees, ¶ 11 did not include notice that withholding rent to apply the security deposit
creates a presumption of bad faith. Tex. Prop. Code Ann. § 92.108(b). Tenant
denied she intended to cheat or harm landlord by applying the security deposit, and
explained that, because of her past dealings with landlord, she felt he had taken
advantage of her and doubted he would ever refund her deposit. This evidence
supports and is legally sufficient to support the trial court’s finding that tenant did not
act in bad faith in applying her security deposit to her last month’s rent. 
          We overrule issue three.
Condition Precedent Argument Waived
          In issue two, landlord argues, for the first time on appeal, that the requirement
to replace the buckled formica on the kitchen countertops was not a condition
precedent to performance of the contract. Landlord has waived any error by not
raising this issue in the trial court. See Tex. R. App. P. 33.1(a). Moreover, landlord’s
argument ignores his own testimony that he agreed to replace the countertops and
intended to replace them. More importantly, landlord’s argument conflicts with his
conceding, at trial, that he understood replacing the buckled countertops was a
condition tenant included in the lease in exchange for accepting landlord’s
requirement to pay $2,400 monthly rent for the unit.
          We overrule issue two.
Attorney’s Fees
          In issue four, landlord contends the trial court abused its discretion by (1)
awarding tenant $4,000 in attorney’s fees, and (2) limiting landlord’s recovery of
attorney’s fees to $4,000. An award of attorney’s fees must be based on statutory or
contractual authority. Jackson v. Biotechtronics, Inc., 937 S.W.2d 38, 44 (Tex.
App.—Houston [14th Dist.] 1996, no writ). In requesting attorney’s fees, both
landlord and tenant relied on section 38.001 of the Civil Practice and Remedies Code. 
Tex. Civ. Prac. & Rem. Code Ann. §38.001 (8) (“A person may recover reasonable
attorney’s fees from an individual or corporation, in addition to the amount of a valid
claim and costs, if the claim is for . . . an oral or written contract.”). In addition, ¶ 33
of the lease specified that, “Any person who is a prevailing party in any proceeding
brought under or related to the transaction described in this Lease is entitled to
recover prejudgment interest, attorney’s fees, and all other costs of litigation from the
prevailing party.”
A.      Standard of Review
          The language used in the governing statute dictates whether the trial court has
any discretion in awarding attorney’s fees or whether recovery is mandatory. See
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). When the statute states that the
court “may award” attorney’s fees, the trial court’s decision is discretionary. Id. The
trial court has no discretion, however, when, as here, the statute states that a party
“may recover.” Id.; see Tex. Civ. Prac. & Rem. Code Ann. §38.001. Accordingly,
the appropriate, initial inquiry is not whether the trial abused its discretion, but
whether, as a matter of law, the awards met the requisites of the statute, section
38.001. See Bocquet, 972 S.W.2d at 20 (listing several statutes in which attorney’s
fees are not discretionary). As a question of law, the trial court’s resolution of this
inquiry is reviewable de novo. See McDermott, 31 S.W.3d at 623. In determining
whether a party is entitled to recover attorney’s fees under section 38.001, we
determine whether the party (1) prevailed on a cause of action for which attorney’s
fees are recoverable, and (2) recovered damages. See Green Int’l v. Solis, 951 S.W.2d
384, 390 (Tex. 1997). On meeting these requirements, the party is entitled to
“reasonable” attorney’s fees. See Tex. Civ. Prac. & Rem. Code Ann. §38.001.
          The reasonableness of an attorney’s fee award is a question for the trier of fact,
here the trial court. See Bocquet, 972 S.W.2d at 20. Because we have a reporter’s
record of the trial and the trial court entered findings of fact concerning the
reasonableness of the $4,000 awarded each party as attorney’s fees, the trial court’s
findings of reasonableness may be reviewed for legal and factual sufficiency. See
Anderson, 806 S.W.2d at 794; Min, 991 S.W.2d at 500. 
B.      Award to Tenant
          In challenging the $4,000 awarded to tenant, landlord contends tenant was not
entitled to any attorney’s fees because she failed the second element of the Green
Int’l v. Solis test.


 See id. at 390. Specifically, tenant prevailed on her claim for
material breach of the lease contract and thus met the first element of the test, but
recovered no damages. See id. The trial court’s responses to both parties on
rendering judgment, however, clearly recite landlord’s duty to refund tenant’s
security deposit, subject to any prorated rent due, as well as tenant’s duty to pay the
last month’s rent. The parties’ duties with respect to this sum of money constitute
the necessary element of damages to tenant, as well as landlord. Accordingly, tenant
was entitled to her award of attorney’s fees. 
C.      Award to Landlord
          With respect to his own award of attorney’s fees, landlord objects to the trial
court’s having awarded only $4,000, despite landlord’s uncontroverted evidence that
he incurred $6,150 in attorney’s fees. We construe landlord’s arguments as
challenging the legal and factual sufficiency to support the trial court’s fact finding
that $4,000, and no more, was a reasonable award of attorney’s fees to landlord. 
          As the trial court’s oral pronouncements in rendering judgment reflect, the
court awarded attorney’s fees to landlord because he succeeded on his claim that
tenant wrongfully applied her security deposit to the last month’s rent.


 Consistent
with its ruling in favor of tenant on her claim for material breach, which negated
tenant’s duty to continue to pay rent after the breach, Hernandez, 875 S.W.2d at 693,
the trial court rejected landlord’s claim for the full balance due under the remaining
term of the lease. Thus, while landlord may have incurred $6,150 in attorney’s fees
in pursuing his claims, he prevailed only on the claim for wrongful withholding of
rent. 
          In reviewing the reasonableness of an award of attorney’s fees, we may
consider many factors. See Arthur Anderson & Co. v. Perry Equip. Corp., 945
S.W.2d 812, 818 (Tex. 1997). The determining factor, however, is whether the fees
awarded are reasonable and necessary for the prosecution of the suit. See Stewart
Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991). Given that landlord
prevailed only partially on his claims, after applying the usual standards to our
review of the evidence concerning landlord’s attorney’s fees, we hold there is
evidence of probative force to support the trial court’s limiting landlord’s award by
finding that only $4,000 in attorney’s fees was reasonable and necessary, and we
therefore conclude the evidence is legally sufficient to support that finding. We
further hold, in light of the entire record, that any evidence against that finding does
not so greatly preponderate in favor of a greater award as to render the award of
$4,000 clearly wrong and unjust. 
          We overrule issue four.
Conclusion
          We affirm the judgment of the trial court.
 
 
     Tim Taft
     Justice
 
Panel consists of Chief Justice Schneider and Justices Taft and Radack.
 
Do not publish. Tex. R. App. P. 47.4.